1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EIBON MCELROY, | Case No. 1:24-cv-00982 EPG (PC) |
| Plaintiff, | ORDER TO ASSIGN DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IFP APPLICATION BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION |
| GEORGE, *et al.*, | |
| Defendants. | |
| | (ECF No. 6) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Eibon McElroy[1] is a state prisoner proceeding *pro se* in this action filed on August 21, 2024. (ECF No. 1). On November 15, 2024, Plaintiff also filed an application to proceed *in forma pauperis* in this action. (ECF No. 6).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

**I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

---

[1] Plaintiff also filed cases in this Court as "E.J. McElroy" and "Latwahn McElroy," *see, e.g.*, docket in *McElroy v. Warden, et al.*, 2:17-cv-1042-MCE-AC (E.D. Cal.).

1

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II.   ANALYSIS

### A.   Strikes

Plaintiff filed this action on August 21, 2024. (ECF No. 1). The Court takes judicial notice[2] of the following four cases, each of which counts as a "strike": (1) *McElroy v. Gebbmedin*, No. 1:08-cv-0124-LJO-GSA (E.D. Cal. Dec. 11, 2008) (order dismissing action for failure to state a claim); (2) *McElroy v. Schultz*, No. 1:08-cv-0179-OWW-MJS (E.D. Cal. Apr. 30, 2010) (order dismissing action for failure to state a claim); (3) *McElroy v. CDC*, 2:08-cv-0733-HWG (E.D. Cal. June 3, 2009) (order dismissing action for failure to state a claim); and (4) *McElroy v. Ground*, No. 1:13-cv-483-MJS (E.D. Cal. Nov. 1, 2013) (order dismissing action for failure to state a claim).

Moreover, Plaintiff has previously been denied IFP status on multiple occasions because of his three-striker status. *See, e.g.*, *McElroy v. C.H.C.F.*, No. 2:17-CV-1042 AC P, 2018 WL 272725, at *1 (E.D. Cal. Jan. 3, 2018), *report and recommendation adopted sub nom. McElroy v. C.H.C.F. Warden*, 2018 WL 888696 (E.D. Cal. Feb. 14, 2018); *McElroy v. Castro*, No. 1:23-CV-0559 JLT SKO (PC), 2023 WL 4088507, at *1 (E.D. Cal. June 20, 2023).

//

---

[2] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

### B.     Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff, who is incarcerated at Salinas Valley State Prison, challenges numerous aspects of his medical care between January and March 2021 at North Kern State Prison. (ECF No. 1 at 4–7). Plaintiff alleges that he has numerous health issues, including exhaustion, fatigue, poor breathing, limited mobility, lack of balance, allergies, and incontinence. (*Id.*) While the complaint is generally difficult to understand, Plaintiff seems to complain of issues with his medication refills, placement at a prison facility not equipped to handle his medical needs, and that no one "arrange[d] for plaintiff to obtain necessities." (*Id.*) Plaintiff also mentions requests for reasonable

accommodations and being interviewed by ADA coordinator (ECF No. 1 at 4, 6); however, it is not clear from Plaintiff's allegations whether he was denied reasonable accommodations, and if so, which ones.

Such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's personal safety under the standards described above. Plaintiff's wide-ranging allegations fail to demonstrate how plaintiff may have been "under imminent danger of serious physical injury" when he filed his complaint. This conclusion is underscored by the fact that events at issue occurred at a different prison between January and March of 2021, and that Plaintiff did not file his complaint until more than three years later, August 21, 2024, without identifying a new or ongoing risk of injury. The Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint. *See Driver v. Pohovich*, No. 2:22-CV-1672 DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted*, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (concluding that Plaintiff did not meet the imminent danger exception where "[t]here [was] nothing in the complaint that would indicate plaintiff was under threat of imminent danger based on the excessive force incidents" alleged in the complaint that purportedly occurred about two months before filing the complaint).

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

## III.   CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall assign a District Judge to this case.

And **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 6).

2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.

3.  Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**January 14, 2025**__          _____/s/_Erica_ P._Grosjean_____

UNITED STATES MAGISTRATE JUDGE

5