UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EIBON MCELROY, | Case No.: 1:24-cv-00982 JLT HBK |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE |
| v. | |
| GEORGE, *et al.*, | |
| Defendants. | |

Eibon Mc Elroy seeks to hold the defendants liable for violations of his civil right to adequate medical care. (Doc. 1.) Because Plaintiff failed to prosecute this action and failed to obey the Court's order, as discussed below, the action is **DISMISSED** without prejudice.

I.      **Relevant Background**

When Plaintiff initiated the action, he did not pay the filing fee. (Doc. 3.) The assigned magistrate judge ordered Plaintiff to either apply to proceed *in forma pauperis* or pay the filing fee. (*Id.*) On November 11, 2024, Plaintiff filed a motion to proceed *in forma pauperis*. (Doc. 6.) However, the magistrate judge found that Plaintiff had at least three "strikes" pursuant to 28 U.S.C. § 1915(g). (Doc. 8 at 2.) Therefore, the magistrate judge issued Findings and Recommendations that Plaintiff's application to proceed *in forma pauperis* be denied and Plaintiff be directed to pay the $405.00 filing fee. (*Id.* at 4.) The Court adopted those Findings and Recommendations in full on April 3, 2025, and ordered Plaintiff to pay the filing fee within thirty (30) days. (Doc. 12.)

1

On April 4, 2025, Plaintiff moved for an extension of time to file objections to the Findings and Recommendations. (Doc. 13.) On May 8, 2025, the Court denied that motion because it had already adopted the Findings and Recommendations. (Doc. 14 at 1). The Court also ordered that Plaintiff pay the filing fee within fourteen (14) days. (*Id.*). The Court warned: "**Plaintiff is advised that failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice**." (*Id.* at 2, emphasis in original.) To date, Plaintiff has not paid the filing fee.

**II.     Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See*, *e.g*., *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**III.    Discussion and Analysis**

To determine whether to impose terminating sanctions for Plaintiff's failure to prosecute and failure to comply with the Court's order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

**A.     Public interest and the Court's docket**

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always

favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot and will not hold this case in abeyance where Plaintiff fails to prosecute the claims. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendants

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service,* 833 F.2d 128, 131 (9th Cir. 1987) (citing *Rubin v. Belo Broadcasting Corp*., 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The Ninth Circuit observed, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1228 (9th Cir. 2006). Plaintiff did not pay the filing fee and continues to not comply with the Court's orders. Defendants would suffer prejudice if the action would continue without such procedural protections. Therefore, this factor weighs in favor of dismissal of the action.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned Plaintiff that "failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice." (Doc. 13 at 2, emphasis omitted.) Thus, the Court

clearly indicated terminating sanctions may be imposed. Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warning satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D.   Public policy

Given Plaintiff's failures—including to prosecute the action and comply with the Court's orders concerning amendment and the payment of fees— the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV.   Conclusion and Order

For the reasons set forth above, the Court finds terminating sanctions are appropriate. Accordingly, the Court **ORDERS**:

1. This action is **DISMISSED** without prejudice.
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 12, 2025**

_____
UNITED STATES DISTRICT JUDGE